BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: SNOWFLAKE, INC., DATA SECURITY BREACH LITIGATION | MDL No. 3126<br><br>Individual Case Caption:<br>*Hornthal v. Snowflake, Inc., et al.*,<br>No. 2:24-cv-00068 (D. Mont.) |

**RESPONSE OF PLAINTIFF DAVID HORNTHAL**
**IN SUPPORT OF MOTION FOR TRANSFER**

Pursuant to 28 U.S.C. § 1407 and the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, Plaintiff David Hornthal, by and through undersigned counsel, submits this Response in Support of Plaintiff Emmanuel Chaidez's Motion for Transfer and Centralization of Related Actions to the District of Montana Pursuant to 28 U.S.C. § 1407 for Consolidated Pretrial Proceedings. Plaintiff Hornthal concurs that all actions relating to Snowflake, Inc.'s data breach that occurred between April 14 and April 25, 2024 (the "Data Breach"), should be transferred to the District of Montana for consolidated proceedings.

As Plaintiff Chaidez notes in his brief, this case is a "hub-and-spoke" data breach (*see* ECF No.1-1 at 1), in which one entity, in this case Snowflake, Inc., the "hub," experienced a data breach, which in turn affected the customers of several other entities, the "spokes." This type of data breach is becoming increasingly common.

When confronted with this same type of data breach in four recent cases, the Panel has consolidated all of the actions and all of the defendants into one district. *See In re Keybank Customer Data Sec. Breach Litig.*, 655 F. Supp. 3d 1372, 1373 (J.P.M.L. 2023) (consolidating cases and noting that though the issue was not directly before it, the Panel is "inclined to believe that the MDL should include all actions naming OSC and involving its July 2022 data breach,

regardless of which, if any, financial institution is named as a co-defendant"); *In re MOVEit Customer Data Sec. Breach Litig.*, MDL No. 3083, 2023 U.S. Dist. LEXIS 178596, at *7 (J.P.M.L. Oct. 4, 2023) (holding that "[a]lthough no single defendant is named in all cases, we are of the opinion that the parties can obtain significant efficiencies by placing all actions concerning the vulnerabilities in the MOVEit software before a single judge"); *In re Perry Johnson & Assocs. Med. Transcription Data Sec. Breach Litig.*, MDL No. 3096, 2024 U.S. Dist. LEXIS 20083, at *5 (J.P.M.L. Jan. 30, 2024) (holding "[i]t is beneficial at this early stage of litigation to include all claims against all defendants involved in this data breach"); *In re Fortra File Transfer Software Data Sec. Breach Litig.*, MDL No. 3090, 2024 U.S. Dist. LEXIS 20080, at *3 (J.P.M.L. Feb. 5, 2024) (noting that some parties preferred to maintain separate actions against separate entities in separate districts, but stating, "we view centralization as creating more efficiencies and requiring the management efforts of many fewer judges to establish a pretrial structure, facilitate coordination across districts, and make procedural and substantive rulings"). For the same reasons that the Panel propounded in those cases, centralization of all actions against all defendants will allow for the most efficient adjudication of the actions related to the Data Breach.

Plaintiff Hornthal concurs with Plaintiff Chaidez's analysis that the District of Montana is the correct forum for the centralization of the related actions. The District's central location, nexus to the lawsuits, and ability to handle an MDL, among other reasons, all support centralization in the District of Montana. *See* ECF No. 1-1 at 7-10. Accordingly, Plaintiff David Hornthal respectfully requests that the Panel centralizes all actions relating to the Data Breach to the District of Montana.

Dated: August 21, 2024                                Respectfully submitted,

                                                      /s/ John Morrison

John Morrison
**MORRISON SHERWOOD WILSON DEOLA, PLLP**
401 N. Last Chance Gulch
Helena, MT 59601
Tel: 406.442.3261
Fax: 406.443.7294
john@mswdlaw.com