**BEFORE THE UNITED STATES**
**JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION**

| | |
|---|---|
| **In re:**<br>**SNOWFLAKE, INC. DATA BREACH**<br>**LITIGATION** | MDL Docket No. 3126 |

## RESPONSE IN SUPPORT OF THE MOTION TO TRANSFER

Plaintiff Alex Mirvis in the matter of *Mirvis v. Snowflake, Inc. and AT&T, Inc.,* No. 2:24-cv-00065-BMM (D. Mont.) ("Plaintiff"), by his undersigned counsel, submits the following Response in Support of the Motion to Transfer pursuant to 28 U.S.C. § 1407 and Panel Rule 6.1(d). ECF 1. For the reasons set forth, Plaintiff supports consolidation and centralization of the Related Actions in the District of Montana.

## BACKGROUND

Plaintiff's action, like other Related Actions, stems from a data breach reported by Defendant Snowflake, Inc. ("Snowflake") in April 2024, which involved the theft of personally identifying information ("PII") of approximately 100 million individuals by cybercriminals who exploited vulnerabilities in Snowflake's cloud-based data hosting platform (the "Data Breach").

Plaintiff filed his action against Defendants Snowflake, Inc. and AT&T, Inc. on July 23, 2024, in the District of Montana. It is one of over three dozen cases currently pending in the District of Montana (14), the Central District of California (13), the Northern District of California (1), the Northern District of Georgia (2), the District of North Carolina (10), the Eastern District of Pennsylvania (1), the Northern District of Texas (1) and the Western District of Washington (1) which should be centralized and consolidated via an MDL proceeding. While the claims asserted in the Related Actions differ slightly from one another, each Related Action alleges materially

identical facts and seeks the certification of overlapping classes of individuals whose PII the Data Breach exposed.

**ARGUMENT**

**I.     The Cases Should Be Centralized**

The controlling statute, 28 U.S.C. § 1407(a) states, in relevant part, that "civil actions involving one or more common questions of fact . . . may be transferred to any district for coordinated or consolidated pretrial proceedings" and that "transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." "The objective of transfer is to eliminate duplication in discovery, avoid conflicting rulings and schedules, reduce litigation costs, and save the time and effort of the parties and the attorneys, the witnesses, and the courts." Manual for Complex Litigation, § 20.131 (4th ed. 2004). Transfer and centralization for pretrial proceedings would achieve each of those objectives as Related Actions all arise from the same factual core – a data breach impacting the PII of millions of individuals. Indeed, the Related Actions involve nearly identical facts, the same defendants, and similar or identical proposed classes. Absent centralization of the Related Actions, the parties will incur unnecessary costs and impose avoidable inefficiencies upon courts in Montana, California, Georgia, North Carolina, Pennsylvania, Texas and Washington that also present the risk of inconsistent rulings.

The Panel regularly transfers and consolidates data security MDLs, even when fewer than all defendants overlap among the various actions, as long as the related actions all stem from the same occurrence, as is the case here. *See In re MOVEit Customer Data Security Breach Litigation*, No. MDL 3083, 2023 WL 6456749 at *2 (J.P.M.L., Oct. 4, 2023) (In the context of data security litigation, "[a]ll actions can be expected to share factual questions arising from allegations

2

[regarding] a vulnerability in Progress Software Company's MOVEit Transfer and MOVEit Cloud file transfer services[.]"); *see, e.g., In re KeyBank Customer Data Sec. Breach Litig.,* 655 F. Supp. 3d 1372 (J.P.M.L. 2023); *In re Samsung Customer Data Sec. Breach Litig.*, 655 F. Supp. 3d 1368 (J.P.M.L. 2023); *In re T-Mobile Customer Data Sec. Breach Litig.*, 576 F. Supp. 3d 1373 (J.P.M.L. 2021); *In re Blackbaud, Inc., Customer Data Sec. Breach Litig.*, 509 F. Supp. 3d 1362, 1363 (J.P.M.L. 2020); *In re Am. Med. Collection Agency, Inc., Customer Data Sec. Breach Litig.*, 410 F. Supp. 3d 1350 (J.P.M.L. 2019); *In re Uber Techs., Inc., Data Sec. Breach Litig.*, 304 F. Supp. 3d 1351 (J.P.M.L. 2018).

Further, the "the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation" traditionally guides the Panel in deciding both whether and where to transfer and centralize Related Actions in an MDL. *In re: Watson Fentanyl Patch Products Liability Litigation*, No. MDL 2372, 883 F.Supp.2d 1350, 1352 (J.P.M.L. 2012). While discovery in Florida, Illinois, and South Carolina (and perhaps more jurisdictions) may take place, the key locus of documents and witnesses will be Pennsylvania, where Comcast is located.

## II.    The District of Montana Is the Appropriate Venue

Plaintiff respectfully submit that the District of Montana is the most appropriate venue for centralizing and consolidating the Related Actions. In selecting a transferee district, the Panel generally considers "where the largest number of cases is pending, where discovery has occurred, where cases have progressed the furthest, the site of the occurrence of the common facts, where the cost and inconvenience will be minimized, and the experience, skill, and caseloads of available judges." Manual for Complex Litigation (Fourth) § 20.131 (2004). Each of these factors favors the District of Montana.

The majority of the Related Actions are already pending in the District of Montana. This fact strongly supports that the District of Montana is the most appropriate transferee district. *In re PersonalWeb Techs., LLC*, No. MDL 2834, 340 F.Supp.3d 1373, 1374-75 (J.P.M.L. 2018) (transferring cases to district where "[t]he majority of the cases are pending"); *In re Zimmer Durom Hip Cup Prods. Liab. Litig.*, No. MDL 2158, 717 F.Supp.2d 1376, 1378 (J.P.M.L. 2010) (same).

Additionally, because Defendant Snowflake maintains its corporate headquarters in Montana, where the District of Montana sits, key documents and witnesses are likely to be found in that District. The existence of key witnesses and documents in a given district is one of the most important factors in deciding where an MDL should be located. *See In re Hill's Pet Nutrition, Inc.*, No. MDL 2887, 2019 U.S. Dist. LEXIS 93990, at *2 (J.P.M.L. June 4, 2019) (transferring to district because "Hill's is headquartered in that district, and it represents that its key evidence and witnesses are located there"); *See, e.g., In re Santa Fe Natural Tobacco Co. Mktg. & Sales Practices Litig.*, No. MDL 2695, 178 F.Supp.3d 1377 (J.P.M.L. 2016) (transfer to district where defendants have their principal places of business and relevant evidence and witnesses are likely to be located). ("[K]ey witnesses reside there, including employees and decision makers tasked with the development and execution of product labeling, marketing and advertising."); *In re FCA US LLC Monostable Elec. Gearshift Litig.*, No. MDL 2744, 214 F. Supp. 3d 1354, 1356 (J.P.M.L. 2016) ("[K]ey witnesses and documents are located there, including evidence from its . . . supplier . . . which has its U.S. regional headquarters in this district."); *In re Nissan N. Am., Inc.*, *Odometer Litig. (No. II)*, No. MDL 1921, 542 F.Supp.2d 1367, 1369 (J.P.M.L. 2008) ("Because the [transferee district] is the location of . . . headquarters, several parties anticipate that relevant discovery will be found there.").

In addition, as discussed in the in the Motion to Transfer, the District of Montana has more favorable docket conditions when compared to the national average as Montana's case statistics also render it a suitable transferee venue. The District of Montana has only 206 civil filings per authorized judgeship for the 12 months ended June 30, 2024.[1]  The District of Montana has only 1159 pending cases and no MDLs. The median time interval from filing to disposition of civil cases terminated by the District of Montana is a prompt 10.4 months.

## CONCLUSION

For the above reasons, Plaintiff respectfully requests that the Panel grant the Motion to Transfer and transfer the Related Actions for coordination in the District of Montana.

Dated:      August 21, 2024                              Respectfully submitted,

                                                        */s/James A. Francis*
                                                        James A. Francis
                                                        FRANCIS MAILMAN SOUMILAS, P.C.
                                                        1600 Market Street, Suite 2510
                                                        Philadelphia, PA 19103
                                                        T: 215-735-8600
                                                        jfrancis@consumerlawfirm.com

                                                        *Counsel for Plaintiff Alex Mirvis*

                                                        Case No. 2:24-cv-00065 (D. Mont.)

---

[1] https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0630.2024.pdf, p. 72