BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: SNOWFLAKE, INC.<br>DATA BREACH LITIGATION | MDL No. 3126 |

**INTERESTED PARTY RESPONSE OF PLAINTIFF
SANTISHA BRYANT-BOOKER IN SUPPORT OF
MOTION FOR TRANSFER AND CENTRALIZATION OF RELATED
ACTIONS TO THE DISTRICT OF MONTANA PURSUANT TO 28 U.S.C. § 1407**

Under Rule 6.2(e) of the Rules of Procedure for the United States Judicial Panel of Multidistrict Litigation, Interested Party Santisha Bryant-Booker[1] submits this response in support of centralization of these matters in the District of Montana before Chief Judge Brian Morris. In addition to the reasons set forth in Plaintiff Emmanuel Chaidez's motion (*see* Dkt. No. 1) ("Motion") to transfer the related and tag-along cases in this "hub-and-spoke" data breach litigation against Snowflake, Inc. ("Snowflake") and its customers (e.g., Advance Auto Parts, AT&T, Ticketmaster,), Interested Party Bryan-Booker provides the following support for centralization of these matters in the District of Montana.

### A. THIS LITIGATION SHOULD BE CENTRALIZED FOR PRETRIAL PROCEEDINGS UNDER 28 U.S.C. § 1407

Consolidation and centralization pursuant to 28 U.S.C. § 1407 is appropriate here. These matters arise from a data breach that has at its center, Snowflake. Eash of the class actions that have been filed against Snowflake and its customers, such as Advance Auto Parts, AT&T, Santander, and Ticketmaster, stem from a common set of factual allegations, namely Defendants' failure to adequately safeguard the sensitive information of millions of individuals housed on Snowflake's data cloud environment. At their core, the related actions share common and overlapping factual allegations relating to common conduct by a common actor—Snowflake—

---

[1] Interested Party Santisha Bryant-Booker is a plaintiff in the action styled, Bryan-Booker v. Snowflake, 2:24-cv-00066, pending in the District of Montana.

that lead to a common data security incident. *See In re MOVEit Customer Data Sec. Breach Litig.*, 699 F. Supp. 3d 1402, 1405 (J.P.M.L Oct. 4, 2023) (finding centralization appropriate when actions "can be expected to share common and complex factual questions as to how the […] vulnerability occurred, the circumstances of the unauthorized access and data exfiltration, and [hub defendants'] response to it, as well as the response of various downstream […] users and customer-facing defendants").

Centralization will create efficiencies and streamline pre-trial proceedings. Because all actions involve overlapping factual questions, discovery across the cases will require some of the production of the same or overlapping documents and depositions of the same or overlapping witnesses. The Panel has previously recognized that cases such as this one are "expected to share common and complex factual questions" about the who, what, where, when, and why of how the breach occurred. *E.g., In re Fortra File Transfer Software Data Sec. Breach Litig.*, No. MDL 3090, 2024 WL 436478, at *1 (J.P.M.L. Feb. 5, 2024); *In re Perry Johnson & Assocs. Med. Transcription Data Sec. Breach Litig.*, No. MDL 3096, 2024 WL 436485, at *1 (J.P.M.L. Jan. 30, 2024); *In re MOVEit Customer Data Sec. Breach Litig.*, No. MDL 3083, 2023 WL 6456749, at *2 (J.P.M.L. Oct. 4, 2023); *In re T-Mobile 2022 Customer Data Sec. Breach Litig.*, No. MDL 3073, 2023 WL 3829244, at *1 (J.P.M.L. June 2, 2023); *In re KeyBank Customer Data Sec. Breach Litig.*, 655 F. Supp. 3d 1372, 1373 (J.P.M.L. 2023); *In re Samsung Customer Data Sec. Breach Litig.*, 655 F. Supp. 3d 1368, 1369 (J.P.M.L. 2023). This case is no different as here, like other hub-and-spoke data breach cases, "[c]entralization offers substantial opportunities to streamline pretrial proceedings; reduce duplicative discovery and conflicting pretrial obligations; prevent inconsistent rulings on common evidentiary challenges and summary judgment motions; and conserve the resources of the parties, their counsel, and the judiciary." *In re Fortra*, 2024 WL 436478, at *1.

B. **THE DISTRICT OF MONTANA IS THE MOST APPROPRIATE FORUM FOR CENTRALIZATION**

The District of Montana presents the most appropriate forum for the transfer and centralization of these actions. The common actor in all cases is Snowflake. The security of Snowflake's data cloud system is the thread that binds these cases and will be at issue in each case, regardless of the "spoke" defendant. The Panel has often recognized that the location where a defendant is headquartered is likely to be a convenient forum because witnesses and other evidence will likely be found there. *In re Samsung Customer Data Sec. Breach Litig.*, 655 F. Supp. 3d 1368, 1369 (J.P.M.L. 2023). This certainly holds true in this case where Snowflake is the common denominator. Because Snowflake is headquartered in Montana, and most likely many of the most important witnesses and evidence will be central to Snowflake, the District of Montana is the logical and most appropriate forum for centralization. And the choice of the District of Montana as the transfer forum (as opposed to a district in which a "spoke defendant is headquartered) eliminates any possible prejudice and hardship to the other "spoke defendants" and their consumer customers because all of them were affected by the actions of Snowflake emanating from the District of Montana. *See, e.g., In re MOVEit Customer Data Sec. Breach Litig.*, 699 F. Supp. 3d 1402, 1407 (J.P.M.L Oct. 4, 2023) (centralizing and transferring hub-and-spoke data breach litigation the District of Massachusetts because the common actor and defendant, and "the owner of the MOVEit file transfer software, Progress Software Corp." is headquartered there.). See *also In re Apple Inc. Device Performance Litig.*, 291 F. Supp. 3d 1371, 1372 (J.P.M.L. 2018) (transferring and centralizing proceedings in Northern District of California because "[t]his district *has a strong connection* to these cases." (emphasis added)).

An additional benefit for the District of Montana as the forum is the presence of Chief Judge Brian Morris. Chief Judge Morris is eminently qualified to oversee this MDL, has never presided over an MDL, and is available to take this assignment.

For the reasons stated above, and for all the reasons set forth in Plaintiff Chaidez's initial Motion, Interested Party Santisha Bryant-Booker supports the centralization of all actions related to the Snowflake data breach, including those brought against Snowflake's customers in the District of Montana.

Dated:  August 21, 2024

Respectfully submitted,

/s/ *Jean S. Martin*
Jean S. Martin
**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Tel: (813) 223-5505
jeanmartin@forthepeople.com

David R. Paoli
**PAOLI LAW FIRM**
257 W. Front St., Suite A
Missoula, Montana 59802
Tel: (406) 542-3330
Fax: (406) 542-3332
davidpaoli@paoli-law.com

*Counsel for Plaintiffs*