BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: SNOWFLAKE, INC. DATA SECURTY BREACH LITIGATION | MDL No. 3126 |

**INTERESTED PARTY DINA WINGER'S RESPONSE TO MOTION FOR TRANSFER AND CENTRALIZATION OF RELATED ACTIONS TO THE DISTRICT OF MONTANA PURSUANT TO 28 U.S.C. § 1407 FOR CONSOLIDATED PRETRIAL PROCEEDINGS**

Interested Party Dina Winger ("Plaintiff Winger"), who filed the action entitled *Winger v. AT&T, Inc.*, Case No. 3:24-cv-01797-E (N.D. Tex.) (AB) (the "*Winger* Action"), submits this response, pursuant to 28 U.S.C. § 1407 and Panel Rule 6.2(e), in opposition to Plaintiff Emmanuel Chaidez's Motion for Transfer and Centralization of Related Actions to the District of Montana Pursuant to 28 U.S.C. § 1407 for Consolidated Pretrial Proceedings ("Motion") (ECF No. 1).[1]

Plaintiff Winger's position is that cases like hers against AT&T, Inc. and/or AT&T Mobility, LLC (collectively "AT&T") should be centralized in the Northern District of Texas, Dallas Division, before Judge Ada Brown. Plaintiff Winger set forth this position in detail in MDL 3124, *In re: AT&T Cellular Customer Data Security Breach Litigation*, where she filed a response to the initiating motion to transfer in support of the consolidation and centralization of the related actions (each of which includes one or both of the AT&T entities as a defendant), but opposed transfer to the Northern District of Georgia. *See* MDL 3124, ECF No. 28. Instead, Plaintiff Winger proposed that the related actions in MDL 3124 be transferred to and centralized in the Northern District of Texas, Dallas Division, before Judge Ada Brown. This is because, *inter alia*, (1) a significant number of AT&T employees are located in the District; (2) a large portion of the conduct at issue

---

[1] On August 19, 2024, the *Winger* Action was identified as a potential tag-along action by defendants AT&T Inc. and AT&T Mobility LLC. *See* ECF No. 64.

1

occurred in the District; and (3) Judge Brown has already gained valuable experience with AT&T due to being assigned by the Panel to oversee the *AT&T Inc. Customer Data Security Breach Litigation*, MDL No. 3114 (N.D. Tex.), concerning a prior data security breach announced by AT&T in March 2024 involving the personal information of over 70 million former and current AT&T customers released on the dark web. *See* MDL 3124, ECF No. 28 at 3-5.

By contrast, the District of Montana, where Plaintiff Chaidez seeks to centralize each of the cases in this MDL, would not be an appropriate forum for claims against AT&T as it is far from any material witnesses and is inconveniently located compared to the Northern District of Texas.

Moreover, defendant Snowflake, the primary defendant in the cases sought to be centralized by Plaintiff Chaidez in this MDL, submitted a response in MDL 3124 advising the Panel that "an AT&T only MDL would be consistent with efforts underway to consolidate cases in defendant-specific proceedings," and asked the Panel to "sever the few claims against Snowflake that would be swept into this MDL (*i.e.*, the cases in which Snowflake is named as a co-defendant with AT&T) and transfer [the Snowflake claims] to Montana, where most of the cases against Snowflake are pending and have been deemed related by Chief Judge Morris." MDL 3124, ECF No. 30 at 1-2.

Plaintiff Winger agrees in principle with Snowflake's suggestion that the Panel should sever any claims against it, transfer those claims to the District of Montana where it is based, and otherwise "consolidate cases in defendant-specific proceedings," including proceedings against AT&T in the Northern District of Texas. This makes sense here where "any factual overlap among the actions as to [Snowflake's service and its involvement, if any, in each defendant's failure to safeguard its customers sensitive data] may be eclipsed by factual issues specific to each . . . client defendant." *In re Accellion, Inc., Customer Data Sec. Breach Litig.*, 543 F. Supp. 3d 1372, 1374

(U.S. Jud. Pan. Mult. Lit. 2021) (denying centralization of data breach cases involving purported central product in data breaches).

This case is in line with *Accellion* where some cases sought to be consolidated brought claims against Accellion, which offered a file transfer appliance ("FTA") that allegedly was breached, and, per some of the cases, was the cause of subsequent breaches of companies that used the FTA. *See id.* at 1373. In denying centralization of 26 actions and potential tag-along actions in five District Courts, the Panel noted that, like here, "[o]pponents of centralization argue that, rather than a single data breach, there were numerous data breaches of each client defendant, occurring at different times and involving each client defendant's own servers. Moreover, each client defendant's knowledge of the FTA's alleged vulnerability to attack will be unique, as will Accellion's alleged efforts to urge each client to migrate to its newer file sharing product. Other unique factual issues include when each client was made aware of a data breach and when it notified its customers and/or employees." *Id. See also* MDL 3124, ECF No. 30 at 2 ("The cases against AT&T will . . . necessarily involve myriad individualized questions around liability and damages that do not implicate Snowflake, including how customer credentials came to be in possession of the threat actor, the type of data accessed, and any other third-party security tools the customer had in place."); MDL 3126 ECF No. 90 at 6 (response by Advanced Auto Parts entities in this MDL echoing unique facts for each defendant in this MDL and compared to cases cited by Plaintiff Chaidez).

By contrast, the Panel's decision to transfer and consolidate 91 related actions in 22 districts in *In re MOVEit Customer Data Sec. Breach Litig.*, 699 F. Supp. 3d 1402 (U.S. Jud. Pan. Mult. Lit. 2023), where the Panel distinguished its holding from *Accellion*, was based in large part on the fact that "[a]ll actions can be expected to share factual questions arising from allegations

that a vulnerability in Progress Software Company's MOVEit Transfer and MOVEit Cloud file transfer services was exploited by a Russian cybergang." *Id.* at 1405.

## CONCLUSION

For the reasons set forth herein Plaintiff Winger asks the Panel to (1) decline to conditionally transfer the *Winger* Action to any court as part of this MDL and (2) transfer all related cases in MDL 3124 to the Northern District of Texas, Dallas Division, before Judge Ada Brown.

Dated: August 21, 2024

**GEORGE FELDMAN McDONALD, PLLC**

By: *s/ Lori G. Feldman*
Lori G. Feldman
102 Half Moon Bay Drive
Croton-on-Hudson, New York 10520
Telephone: (917) 983-9321
Email: lfeldman@4-justice.com

**MATHIAS RAPHAEL PLLC**
Ori Raphael
Damon Mathias
13101 Preston Road, Suite 501
Dallas, Texas 75240
Telephone: (214) 739-0100
Fax: (214) 739-0551
Email: ori@mr.law
Email: damon@mr.law

Respectfully Submitted,

**FOSTER YARBOROUGH PLLC**

By: *s/ Patrick Yarborough*
Patrick Yarborough
Jeffrey Lucas Ott
917 Franklin Street, Suite 220
Houston, Texas 77002
Telephone: (713) 331-5254
Facsimile: (713) 513-5202
Email: patrick@fosteryarborough.com
Email: luke@fosteryarborough.com

**Counsel for Plaintiff in *Dina Winger v. AT&T*, Case No. 3:24-cv-01797-E (N.D. Tex.) (AB)**