BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: SNOWFLAKE, INC., DATA ) <br> SECURITY BREACH LITIGATION ) <br> ) <br> ) <br> ) <br> ) | MDL NO. 3126 |

**INTERESTED PARTY RESPONSE OF PLAINTIFF MARC REICHBART TO MOTION FOR TRANSFER AND CENTRALIZATION OF RELATED ACTIONS TO THE DISTRICT OF MONTANA PURSUANT TO 28 U.S.C. §1407 FOR CONSOLIDATED PRETRIAL PROCEEDINGS**

Pursuant to 28 U.S.C. §1407 and Rules of Procedure of the Judicial Panel on Multidistrict Litigation ("JPML"), Rule 6.2(e), Plaintiff Marc Reichbart in the case styled *Reichbart v. Neiman Marcus Group LLC and Snowflake, Inc.*, No. 0:24-cv-61389, filed in the U.S. District Court for the Southern District of Florida ("Plaintiff"), submits this response to the pending Motion for Transfer and Centralization of Related Actions to the District of Montana.

Civil actions pending in different districts may be transferred to any district for coordinated or consolidated pretrial proceedings provided such actions involve one or more common questions of fact. 28 U.S.C. §1407(a). Such transfers must be made by the judicial panel on multidistrict litigation upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions. 28 U.S.C. §1407(a). The purpose of 28 U.S.C. §1407 was to eliminate the "potential for conflicting contemporaneous rulings by coordinate district and appellate courts." *In re Plumbing Fixture Cases*, 298 F. Supp. 484, 491–92 (J.P.M.L. 1968).

Unless the transferee court determines the issue of whether there are common questions of fact between the "Related Actions,"[1] all interested parties face the potential of receiving conflicting rulings. For example, coordinated pretrial proceedings are necessary to resolve common factual issues such as:

1. Whether Snowflake failed to fulfill its obligations under its Shared Responsibility Model and did that failure cause or contribute to the unauthorized access and exfiltration of the putative classes' personal information?

2. Whether the matter involves <u>one</u> massive data breach traceable to Snowflake's actions or a whether the matter involves a series of <u>separate</u> data breaches traceable to the acts and omissions of the different Defendants/cloud services end-users (*e.g.,* Advance Auto Parts, Ticketmaster/Live Nation, Neiman Marcus, LendingTree)?

The answers to these questions will determine whether consolidation serves the convenience of the parties and witnesses and would support the efficient conduct of these actions. For example, if it is determined that Snowflake failed to fulfill its security obligations, which caused a massive data breach that was experienced by 165 of Snowflake's cloud services end-users, then consolidation of the actions would support the efficient prosecution of these actions. Furthermore, the determination of Snowflake's liability in a consolidated pre-trial proceeding would mitigate the possibility of inconsistent rulings regarding monetary damages and would be vital to crafting the prospective injunctive relief necessary to avoid future similar data breaches.

Conversely, if it is determined, for example, that the matter involves a series of separate data breaches not traceable to Snowflake's actions, then consolidation may be improper if doing so would leave the court unable to simplify the issues through amended pleadings or the organization of discovery and would create issues deciding class action questions.

Regardless of the ultimate resolution of the above questions, and other pertinent issues, these factual disputes can be resolved more efficiently and expeditiously by transfer of the Related

---

[1] *See* Corrected Schedule of Actions, *In re Snowflake Data Breach Litigation*. [ECF No. 3-2].

2

Actions to a single district for coordinated or consolidated pretrial proceedings. *See, In re Air W., Inc. Sec. Litig.*, 384 F. Supp. 609, 611 (J.P.M.L. 1974) ("the mere fact that divergent legal theories are asserted arising out of the same substantive claims and allegations presents no bar to a Section 1407 transfer."). Therefore, for the reasons stated herein and set forth in the Motion for Transfer and Centralization of Related Actions to the District of Montana, ECF No. 3, Plaintiff supports transfer and centralization of the relevant actions to the United States District Court for the District of Montana.

Dated: August 22, 2024

By: */s/ Andrew J. Shamis*
Andrew J. Shamis, Esq.
**SHAMIS GENTILE**
14 NE 1st Avenue Suite 705
Miami, Florida 33132
Telephone: (305) 479-2299
Fax: (786) 623-0915
Email: ashamis@shamisgentile.com

-AND-

Paul J. Doolittle, Esq.
**POULIN | WILLEY | ANASTOPOULO**
32 Ann Street
Charleston, SC 29403
Telephone: (803) 222-2222
Fax: (843) 494-5536
Email: paul.doolittle@poulinwilley.com
cmad@poulinwilley.com

*Attorneys for Plaintiff Marc Reichbart*

3

BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: SNOWFLAKE, INC., DATA SECURITY BREACH LITIGATION ) ) ) ) ) ) | MDL NO. 3126 |

**PROOF OF SERVICE**

Pursuant to Rule 4.1(a) of the Rules of Procedure for the United States Judicial Panel on Multidistrict Litigation, I hereby certify that on August 22, 2024, the forgoing Interested Party Response of Plaintiff Marc Reichbart to Motion for Transfer and Centralization of Related Actions to the District of Montana was filed using the Judicial Panel on Multidistrict Litigation's CM/ECF system, which will serve notice of such filing to all counsel of record in this action.

Dated: August 22, 2024

By: /s/ Andrew J. Shamis
Andrew J. Shamis, Esq.
**SHAMIS GENTILE**
14 NE 1st Avenue Suite 705
Miami, Florida 33132
Telephone: (305) 479-2299
Fax: (786) 623-0915
Email: ashamis@shamisgentile.com
      -AND-
Paul J. Doolittle, Esq.
**POULIN | WILLEY | ANASTOPOULO**
32 Ann Street
Charleston, SC 29403
Telephone: (803) 222-2222
Fax: (843) 494-5536
Email: paul.doolittle@poulinwilley.com
       cmad@poulinwilley.com
*Attorneys for Plaintiff Marc Reichbart*

4