BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE SNOWFLAKE, INC. DATA SECURITY BREACH LITIGATION | MDL Docket No. 3126 |

### INTERESTED PARTY THE NEIMAN-MARCUS GROUP LLC'S RESPONSE TO MOTION TO TRANSFER AND NOTICES OF RELATED ACTIONS

The Neiman Marcus Group LLC ("NMG") files this pleading in response to Plaintiff Emmanuel Chaidez's Corrected Initial Motion for Transfer and Centralization of Related Actions to the District of Montana (Dkt. 1–3) and the subsequent Notice(s) of Related Actions filed by Plaintiff's counsel in *Reichbart v. Neiman Marcus Group LLC and Snowflake, Inc.*, Case No. 24-61389 (S.D. Fla.), on August 7, 2024 (Dkt. 20) (tagging Case No. 24-61389) and in *Sherman v. The Neiman Marcus Group LLC*, Case No. 24-959 (D. Del.), on August 21, 2024 (Dkt. 86) (tagging Case No. 24-959).

The "Snowflake cases" arise out of the theft of customer data from the Snowflake environments of hundreds of Snowflake customers. Prior to the filing of *Sherman*, NMG faced only a single case, *Reichbart*. *Reichbart* was tagged as a related action (Dkt. 20) on August 7, 2024, and it was not part of the initial motion to transfer (Dkt. 1) or the briefing schedule issued on July 31, 2024 (Dkt. 5).[1] Given this procedural posture and the number of parties weighing in on the motion to transfer, NMG had not intended to burden the Panel with another filing. However, now with a second case (*Sherman*) and Notice of Related Action recently being filed, NMG faces

---

[1] NMG understands from the Panel Rules and the Clerk's office that it can file its response by September 19, 2024, one week before the September 26, 2024 Panel Hearing. However, NMG is filing early so that the Panel can fully consider its position.

1

two cases in two different jurisdictions. NMG therefore respectfully submits the following three points for the Panel's consideration.

First, NMG agrees that some consolidation is appropriate, though it does not take a position on the form that consolidation should take—subject to the qualifications below.

Second, if the Panel includes cases naming both Snowflake and other defendants in a single multi-district litigation ("MDL") (*e.g.*, *Reichbart*), it should also include cases arising out of the same facts that do not name Snowflake (*e.g.*, *Sherman*). Failure to include the latter cases would create inefficiencies, risk inconsistent judgments, and defeat the purpose of any MDL proceeding.

Third, if the Panel does not create a single MDL including cases naming both Snowflake and other defendants, it should consolidate the cases against NMG. In its opposition to consolidation (Dkt. 90), Snowflake states that it is in discussions with Plaintiff Reichbart's counsel to sever claims against Snowflake and create *separate* cases on behalf of the same putative class against Snowflake and against NMG. If that happens, and the Panel does not consolidate all cases (including both *Reichbart* and *Sherman*) in a single MDL proceeding, the Panel should—pursuant to 28 U.S.C. § 1407 and the pending motions to consolidate—consolidate the two cases against Neiman Marcus in a separate MDL. There is no dispute that those cases are based on virtually identical facts and are brought on behalf of virtually identical putative classes. (*See* Dkt. 20-10 and 86-3). NMG maintains that the District of Delaware or the Northern District of Texas would be the most appropriate jurisdictions because NMG is a Delaware limited liability company with its principal place of business in Dallas, Texas. If the Panel does not consolidate all cases and does not address *Reichbart* and *Sherman* in its forthcoming order, NMG will file a motion addressing these cases (and any others that may be filed).

Dated: August 27, 2024                              Respectfully submitted,

                                                            **HUNTON ANDREWS KURTH LLP**

                                                            By: */s/ Perie Reiko Koyama*
                                                                  Perie Reiko Koyama
                                                                  HUNTON ANDREWS KURTH LLP
                                                                  2200 Pennsylvania Avenue NW
                                                                  Washington, DC 20037
                                                                  Telephone: (202) 778-2274
                                                                  Email: pkoyama@hunton.com


                                                  **ATTORNEYS FOR DEFENDANT**
                                                  **THE NEIMAN MARCUS GROUP LLC**