**BEFORE THE**
**UNITED STATES JUDICIAL PANEL ON**
**MULTIDISTRICT LITIGATION**

| IN RE SNOWFLAKE, INC., DATA SECURITY BREACH LITIGATION | MDL DOCKET NO. 3126 |
|---|---|

**PLAINTIFF EMMANUEL CHAIDEZ'S REPLY MEMORANDUM IN SUPPORT**
**OF MOTION FOR TRANSFER AND CENTRALIZATION OF RELATED ACTIONS TO**
**THE DISTRICT OF MONTANA PURSUANT TO**
**28 U.S.C. § 1407 FOR CONSOLIDATED PRETRIAL PROCEEDINGS**

The more than twenty responses to the Motion for Transfer reveal most parties believe this litigation should be centralized, and many support transfer to the District of Montana. All but a few Plaintiffs support centralization. Those include Plaintiffs with cases pending against Snowflake—the hub in this hub-and-spoke data breach—and several Plaintiffs with cases against Snowflake Spoke Defendants filed in other district courts. For example, Plaintiff Matthew Miller sued Ticketmaster, LLC in the Central District of California, but supports centralization in the District of Montana. *See* D.E. 94. Likewise, Plaintiffs Riechbart and Pelosi sued Neiman Marcus Group LLC in the Southern District of Florida and District of New Jersey, respectively, but they too agree to centralization in the District of Montana. *See* D.E. 112.

Plaintiffs who sued Snowflake Spoke Defendant AT&T offer a mixed bag—a few Plaintiffs argue against centralization altogether, but most, including Plaintiffs LeDuc Montgomery, Lewis, Hornthal, and Mirvis argue in favor of centralization in the District of Montana. *See* D.E. 104, 61, 80, 81. Plaintiff Kirby, who sued AT&T in the Northern District of Texas, also supports transfer and centralization to the District of Montana. *See* D.E. 88. Plaintiffs suing Snowflake Spoke Defendant Advance Stores Co., Inc. (Plaintiffs Bobbitt and Townsend) also support the District of Montana, *see* D.E.77; D.E. 94. In short, 30 of the 35 Plaintiffs who have thus far filed or joined a

response brief support centralization, including 19 plaintiffs who initiated cases against Snowflake Spoke Defendants in other districts.

The Snowflake Spoke Defendants themselves also offer competing views—many oppose centralization, but cannot meaningfully distinguish other hub-and-spoke data breaches where the Panel has centralized all pending cases against the data breach hub and all related Spokes. The largest Snowflake Spoke Defendant—AT&T—presents a more realistic view of the litigation and *supports* centralization.[1] *See* D.E. 103. AT&T also agrees the District of Montana is an appropriate transferee court as an alternative to its first choice—the Eastern District of North Carolina. *Id.* Finally, Snowflake incorrectly argues the cases against Snowflake should be severed and consolidated in the District of Montana, but suggests that can be accomplished without an MDL. *See* D.E. 107.

## I.     Transfer of the Actions for Consolidation and Coordination Is Appropriate Under 28 U.S.C. § 1407 Because There Are Common Questions of Fact.

No response credibly contests the threshold notion that this litigation presents a typical "hub-and-spoke" data breach with Snowflake—based in the District of Montana—acting as the

---

[1] It would be misguided for any Plaintiff in this proposed MDL to suggest the AT&T cases subject of the 2024 Snowflake breach at issue before this Panel should be excluded from a newly formed MDL, and instead transferred to existing MDL No. 3114, *In re: AT&T Inc. Customer Data Security Breach Litigation*, in the Northern District of Texas and concerning a wholly separate 2019 data breach. First, it is axiomatic different data breaches occurring years apart involving entirely different threat actors plainly involve distinct questions of fact such that consolidation is inappropriate. Second, facts about Snowflake's systems that are the subject of the cases against Snowflake are relevant to the second AT&T breach, but not the first which had nothing to do with Snowflake. There is a consistent history of courts keeping cases separate if they regard different data breaches against the same defendant, even with overlapping classes. For example, MGM Resorts International suffered a massive data breach involving about 50 million people on July 7, 2019, and a subsequent data breach on July 29, 2023, with substantially overlapping classes. *See In re: MGM Resorts Int'l Data Breach Litig.*, No. 2:20-cv-376 (D. Nev.). Cases involving the 2023 MGM data breach were not consolidated with 2019 MGM data breach cases because the cases implicated separate data, separate cyberattacks at different times, and separate cybersecurity vulnerabilities. *See id.* Finally, but perhaps most significantly, AT&T supports creation of a Snowflake MDL, and does not advocate consolidating cases involving two different data breaches. *See* D.E. 103. If AT&T believed the data breaches were related and should be litigated together, it would not be a proponent of a new MDL that includes AT&T.

hub. Similarly, no party seriously challenges the scores of cases pending around the country present a common nucleus of facts that will impact all cases. Based on the Panel's recent precedent, centralization is appropriate under these circumstances. *See, e.g., In re MOVEit Customer Data Sec. Breach Litig.*, MDL No. 3083, 2023 WL 6456749 (J.P.M.L. Oct. 4, 2023) (consolidating 101 actions across 22 districts involving a data security breach arising from Progress Software's MOVEit software's vulnerability in the District of Massachusetts); *see also In re Fortra File Transfer Software Data Sec. Breach Litig.*, MDL No. 3090, --- F. Supp. 3d ---, 2024 WL 436478, at *1 (J.P.M.L. Feb. 5, 2024) (in hub-and-spoke data breach case involving file transfer software, consolidating 46 actions pending in seven districts); *In re Perry Johnson & Assocs. Med. Transcription Data Sec. Breach Litig.*, MDL No. 3096, --- F. Supp. 3d ---, 2024 WL 436485, at *1 (J.P.M.L. Jan. 30, 2024) (in hub-and-spoke data breach case involving medical transcription software, consolidating 40 actions pending in nine districts).

As in *In re MOVEit*, allowing the Related Actions to proceed independently would almost guarantee duplication of discovery, overlapping efforts, and risk inconsistent rulings, meaning transfer and coordination for pretrial proceedings is necessary and appropriate. Similarly, this litigation tracks *In re MOVEit*, as the Related Actions all involve common issues of fact—a massive data breach—centralization of which will promote the convenience of the parties and witnesses and the just and efficient conduct of the litigation. The Panel should transfer and consolidate the Related Actions in a single district because: (1) the cases involve numerous common questions of fact and law; and (2) it will promote the convenience of the parties and witnesses and will promote the just and efficient conduct of this litigation. *See* 28 U.S.C. §1407.

## II.     The District of Montana Is the Most Appropriate Transferee Forum Under a Balancing of the Factors.

Most parties agree the District of Montana is the most appropriate forum for centralization.

There are now 22 cases pending against Snowflake and the Snowflake Spoke Defendants in the District of Montana. Plaintiffs in 11 cases filed outside the District of Montana have so far nevertheless voiced support for centralization there for obvious reasons: (a) Snowflake is incorporated under the laws of and headquartered in Montana, and a significant portion of the alleged conduct occurred there; (b) it is a convenient enough forum; and (c) it has the capacity and resources this litigation will require.

In recent MDLs involving large-scale data security breaches, the Panel has often ruled the single most important factor in deciding where to send the MDL is the presence of the key documents and witnesses at the headquarters of the primary defendant. *In re MOVEit* is a prime "hub-and-spoke" example, consolidating the cases in Boston, Massachusetts, where the hub, Progress Software Corp., is headquartered. 2023 WL 6456749 at *3. In the recent *Change Healthcare* MDL, the Panel made the same decision for similar reasons. *In re Change Healthcare, Inc., Customer Data Sec. Breach Litig.*, MDL No. 3108, 2024 WL 2884723, at *2 (J.P.M.L. 2024) (assigning MDL to District of Minnesota where "Defendant UnitedHealth Group Inc.—the corporate parent of Change Healthcare Inc.—as well as defendants UnitedHealthcare, Inc., and Optum, Inc., are headquartered" and so "much of the relevant evidence will be found there").

Here too, the District of Montana should be chosen because it has far more relevant documents and witnesses than the other districts where the Related Actions have been or may be filed. In fact, central to the Data Breach litigation will be Snowflake's documents and information in Montana, whereas any single Snowflake Spoke Defendant's evidence, such as Advance Auto Parts, Inc.'s, in North Carolina, or AT&T, Inc.'s, in Texas, will only pertain to the claims against that Spoke and not advance the necessary coordinated or consolidated pretrial proceedings for all Related Actions against other Spokes.

Montana is a growing international business and IT hub, centered around Bozeman, Montana, where Snowflake is headquartered. In fact, Bozeman has been ranked the fastest-growing city in the nation for three years consecutively. The federal courthouse in Butte, Montana, where MDL hearings would be held, is less than an hour's drive from Bozeman Yellowstone International Airport. Most importantly, in the modern era of remote video conferencing, many MDLs efficiently operate without the need for regular in-person court appearances, instead allowing remote appearances for almost all pretrial hearings. Judge Brian Morris is amenable to such remote appearances. *See Chaidez v. Snowflake, Inc.*, No. 2:24-cv-00050-BMM (D. Mont.), D.E. 21 ("Parties wishing to appear remotely at the hearing [on Defendant's motion to consolidate cases and sever] will file a notice with the Court."). As such, the District of Montana is the natural choice for this MDL.

## III.      CONCLUSION

For the reasons set forth above, Plaintiff Chaidez respectfully requests the Panel transfer the Related Actions listed in the attached Schedule of Actions, as well as all subsequently-filed Related Actions, to the District of Montana for coordinated and consolidated pretrial proceedings.

Dated: August 28, 2024                    Respectfully submitted,

*/s/ Jeff Ostrow*
Jeff Ostrow
**KOPELOWITZ OSTROW P.A.**
One West Las Olas Blvd., Suite 500
Fort Lauderdale, FL 33301
Telephone: (954) 332-4200
ostrow@kolawyers.com

*Counsel for Plaintiff Emmanuel Chaidez*
(*Chaidez v. Snowflake, Inc.*, No. 2:24-cv-00050 (D. Mont.))