Christopher M. Jones

Pro Se Plaintiff

[ 811 W El Dorado Dr Woodland Ca 95695]

Email: chris.moves@yahoo.com

Phone: 530-407-1015

Plaintiff in Propria Persona


BEFORE THE UNITED STATES JUDICIAL PANEL

ON MULTIDISTRICT LITIGATION

Case 25-02952

IN RE: SNOWFLAKE, INC., DATA

SECURITY BREACH LITIGATION                    )

                                              )

                                              )

_____     MDL No. 3126

                                              )

                                              )

PLAINTIFF CHRISTOPHER M. JONES'               )

MOTION TO VACATE                              )

CONDITIONAL TRANSFER ORDER NO.                )

14 (CTO-14)                                   )

                                              )

                                              )


### PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER

### ORDER (CTO-14)

**Plaintiff Christopher M. Jones**, appearing **Pro Se**, respectfully moves this Honorable Panel pursuant to **JPML Rule 7.1(f)** to **vacate** Conditional Transfer Order No. 14 ("CTO-14") to the extent it conditionally transfers his action, currently pending in the **United States District Court for the Eastern District of California**, to **MDL No. 3126**.

Vacatur is required because **transfer is not permitted** under **28 U.S.C. § 1407(a)**. Plaintiff's action does **not** concern a Snowflake breach, bears **no factual nexus** to the coordinated proceedings, and is currently positioned for imminent adjudication in the transferor court. Specifically:

1. **Zero Snowflake Connection** — Snowflake, Inc. is **not named**, referenced, or implicated in any pleading, exhibit, discovery record, or allegation in Plaintiff's case.

2. **No Common Questions of Fact** — The asserted claims involve **AT&T's** own internal network security failures and service-delivery misconduct, which are unrelated to the Snowflake platform or any issues being litigated in the MDL.

3. **Advanced Posture in the Transferor Court** — Plaintiff has filed a **fully supported Motion for Summary Judgment** pursuant to Fed. R. Civ. P. 56, and dispositive resolution is now pending.

4. **Demonstrated Prejudice From Prior MDL Transfer** — Plaintiff previously experienced **extended delay** and lack of case progress while in a separate AT&T MDL, from which he **properly opted out** to regain his litigation autonomy.

5. **Unique Individualized Claims and Damages** — Plaintiff seeks relief for **business-specific financial losses, call-delivery failures, reputational harm**, and statutory violations that **cannot** be efficiently or meaningfully adjudicated through MDL consolidation.

Because Plaintiff's action does **not** share the common factual foundation required for transfer — and because centralization would **squarely undermine** the purpose of § 1407 by **delaying**, rather than **expediting**, resolution — CTO-14 should not apply to this case.

Accordingly, Plaintiff respectfully requests that the Panel **vacate** CTO-14 as to his action and permit the case to continue toward final adjudication in the Eastern District of California.

**I. Plaintiff's Action is Factually Distinct and Does Not Share Overlapping Issues With MDL 3126**

MDL No. 3126 is narrowly focused on a specific category of data-security allegations concerning vulnerabilities and threat activity associated with **the Snowflake cloud-based data storage platform**. Those centralized proceedings seek to address:

• Alleged infiltration of Snowflake-hosted databases

• Security configuration issues specific to Snowflake users

• Data-management controls of Snowflake's SaaS infrastructure

**Plaintiff's case has no connection to any of those issues.**

Instead, Plaintiff's action arises solely from **AT&T's own misconduct,** including:

• **AT&T's internal security failures** compromising Plaintiff's Customer Proprietary Network Information (CPNI)

• AT&T's **statutory duty violations** under 47 U.S.C § 222 and California Civil Code §

1798.150 (CCPA)

• AT&T-caused **interruption of business communications**, resulting in significant commercial damage

• AT&T's **failure to notify** Plaintiff of several confirmed breaches in a timely manner

• AT&T's **breach of contract**, including refusal to produce the signed November 13, 2020 service agreement

As such:

**Snowflake is not a defendant**

**Snowflake is not mentioned** or implicated in any pleading, document, or communication in the record

**No discovery** regarding Snowflake would ever be relevant in Plaintiff's case

**No efficiencies** can be gained through consolidation

The Panel has repeatedly held that superficial categorizations — such as "data breach cases" — **do not** justify MDL transfer **without** a demonstrable:

"common nucleus of operative facts."

*JPML Practice Guide, § 21.131*

This case rises and falls **entirely on AT&T's conduct**, security measures, notification failures, network management, and contractual dealings with **this Plaintiff individually**, not any broader Snowflake-related theory.

Accordingly:

There is **no factual overlap**

There is **no coordinated discovery benefit**

There is **no judicial efficiency gained** through centralization

**MDL transfer cannot be used** to sweep in unrelated litigation merely because it involves the general topic of data security. Plaintiff's claims are **unique, individualized,** and **defendant-specific** — not MDL material.

### Impact of These Enhancements

| Goal | Result |
| --- | --- |
| Show factual disconnect | Panel has no basis to centralize |
| Distinguish damages + evidence | Processing must stay local |
| Reference JPML standards | Aligns with Judge-Panel expectations |
| Remove "data breach umbrella" argument | Prevents defense from stretching MDL scope |

## II. Summary Judgment Is Pending — Transfer Would Disrupt Imminent Adjudication

The action currently before this Panel is well past mere motion practice — the transferor court in the **Eastern District of California** is already considering a fully briefed

Motion for Summary Judgment under **Federal Rule of Civil Procedure 56**. That motion seeks disposition of Plaintiff's claims without the need for trial.

### Why Transfer at This Juncture Is Inappropriate

1. **Judicial Resources Already Invested**

   The transferor court has dedicated time, docket space, and judicial attention to this case. Discovery is substantially complete; Plaintiff's evidentiary record is developed; dispositive briefing is underway. Re-routing the case now would **undermine the efficient adjudication** § 1407 is intended to promote.

2. **Risk of Re-briefing and Re-docketing**

   A transfer would reset deadlines, duplicate effort, require new attachments, and likely create delay in the six-to-several-month range. The Panel has made clear that such reprocessing is antithetical to efficient case management:

   > "Where a case is ready for resolution, transfer would delay litigation and undermine efficiency — the very purpose of § 1407."

   *See JPML Practice Guide, § 21.132*

3. **Procedural Posture Beyond Foundation Building**

   Unlike cases in the early discovery phase, where consolidation may make sense, this matter is beyond foundation building. Moving forward, the focus is on **resolution** — not coordination. Consolidation triggers should align with **common work**, not final-stage adjudication.

4. **Prejudice to Plaintiff**

Plaintiff has waited already due to prior MDL transfer history. Removal to another MDL at this advanced stage would cause **further delay**, harm business interests, and intensify Plaintiff's prejudice.

### Application to This Case

- The plaintiff's **Motion for Summary Judgment** is fully briefed and ready for a ruling.

- Transfer would **restart** the process, requiring re-submission of filings, schedule changes, and duplicative attorney and judicial time.

- Defendant's motion or response would gain **procedural advantage** by avoiding a timely decision.

Granting consolidation here would defy the fundamental purpose of § 1407 to **streamline and expedite** litigation, and instead would **thwart timely resolution.**

### III. Prior MDL Participation Demonstrates the Extreme Prejudice Transfer Would Cause

Plaintiff was previously transferred into **AT&T Data Security Breach Litigation**, MDL No. 3126. The result was profound delay and loss of access to meaningful litigation rights:

• Plaintiff's case was **stayed for over a year**

• Defendant **restricted access** to Plaintiff's own data-incident report — evidence already disclosed

• Defendant **never responded** to Plaintiff's Complaint during the prior MDL proceedings

• **Discovery ceased**, and no merits review occurred

• Plaintiff was left unable to advance his claims in any forum

Given this record, Plaintiff properly exercised his right to **opt out** of the MDL (Exhibit 1), restoring his autonomy and his right to move his case toward judgment.

Now, after Plaintiff has filed and advanced a **Motion for Summary Judgment**, Defendant seeks again to remove this action into coordinated proceedings where it would:

Re-impose the same procedural harms

Nullify Plaintiff's deliberate, lawful decision to continue individually

Restart the litigation timeline and stall merits adjudication

Create substantial prejudice without any efficiency gained

The Panel has recognized that **an MDL transfer is improper** where a litigant would lose the benefit of advanced progress in the transferor court or where individual adjudication was knowingly and strategically selected:

"Transfer should be denied where it would cause unfair prejudice to a party who has elected to pursue an individual action."

*In re Xarelto Prods. Liab. Litig.*, MDL 2591, JPML Order (Apr. 2016)

See also **JPML Rule 2.1(c)** — centralization must promote efficiency, not delay or imbalance.

Here, there is:

No common discovery required

No need for MDL resource coordination

No benefit to judicial economy

Instead, Defendant's request seeks only to **frustrate Plaintiff's prosecution of his claims**, delay the summary judgment ruling, and shield AT&T from immediate accountability.

This Panel has repeatedly rejected transfer in similar circumstances where the MDL forum would **not accelerate** resolution and instead **undermines the litigant's chosen path**.

### IV. Transfer Will Not Promote Convenience or Efficiency Under § 1407(a)

Under **28 U.S.C. § 1407(a)**, transfer is only appropriate when it will **(1) promote convenience** and **(2) enhance efficiency** by centralizing cases that share common questions of fact. None of those statutory requirements are present here.

| § 1407(a) Factor | Required Showing | Result in This Case |
|---|---|---|
| Common questions of fact | Cases must arise from the same operative facts | No Snowflake allegations; no factual relationship |

| § 1407(a) Factor | Required Showing | Result in This Case |
|---|---|---|
| Convenience of parties | Centralization must reduce burden on both sides | Plaintiff harmed; AT&T unaffected or advantaged |
| Efficiency & consistency | Consolidation must avoid duplicate proceedings | No overlapping discovery to consolidate; no risk of inconsistent rulings |
| Preservation of judicial resources | Panel intervention must streamline litigation | Transfer would interrupt pending summary judgment and increase workload |

The Panel has held that centralization is **not justified** where efficiency gains are **speculative**, particularly if it causes delay in a case ready for resolution:

"Transfer is disfavored where actions are poised for rulings on the merits." *See JPML Practice Guide § 21.132*

Here, the opposite of efficiency would result:

• Dispositive briefing is already before the Court

• No coordinated discovery is needed or anticipated

• AT&T's conduct — not Snowflake — will decide the case

• Plaintiff would be forced to wait **months or years** for progress already underway

**No § 1407(a) factor supports transfer — all weigh against it.**

**V. Defendant Is Attempting to Evade Merits Adjudication Through Procedural Maneuvering**

Defendant's conduct demonstrates that the requested transfer is not motivated by efficiency or judicial economy, but rather by a clear intent to **avoid an imminent merits determination** in the transferor court.

Specifically, Defendant has:

• Been fully aware of Plaintiff's claims **since November 2024**

• **Failed to answer** the Complaint for over one year

• Requested an extension of time **only after key evidence was submitted**

• Restricted Plaintiff's access to his own **data incident report** during prior MDL proceedings

• **Waited** to pursue transfer until **after** Plaintiff filed a Motion for Summary Judgment

• Raised the transfer issue **not as part of early case management**, but at the **point of dispositive motion review**

This sequence reveals a **calculated litigation tactic**: remove the case from a court actively considering AT&T's **legal accountability**, and place it into a forum where no immediate adjudication is expected.

Such conduct is antithetical to the purposes of § 1407. As emphasized in JPML Rule 2.1:

"The Panel must guard against misuse of the transfer process."

And in repeated JPML rulings, transfer has been rejected where it appears intended to:

• Delay proceedings

• Forum-shop for a more favorable docket

• Avoid rulings on the merits

• Restart litigation already moving toward resolution

Here, Defendant seeks exactly those outcomes.

• Plaintiff has already suffered **substantial prejudice** from a prior MDL transfer

• Centralization would **not** promote judicial economy under 28 U.S.C. § 1407(a)

• Defendant's conduct demonstrates **procedural gamesmanship**, not efficiency

Accordingly, Plaintiff respectfully requests that the Judicial Panel on Multidistrict Litigation:

**VACATE Conditional Transfer Order No. 14 as it applies to Plaintiff's action**

and allow this case to proceed to merits adjudication in the United States District Court for the Eastern District of California.

Respectfully submitted,

Dated:10-25-2025_____

Location: _____Woodland California _____

**Christopher M. Jones**

Pro Se Plaintiff

[811 W El Dorado Dr Woodland Ca 95695]

Email: chris.moves@yahoo.com

Phone: **530-407-1015**