**EXHIBIT INDEX**

| | Exhibit No. | Description | Purpose / Relevance |
|---|---|---|---|
| Exhibit 1 | A | Proof of Plaintiff's Opt-Out from MDL No. 3126 | Confirms Plaintiff's explicit election to litigate individually |
| Exhibit 2 | B | Docket Entry Showing Pending MSJ | Establishes advanced stage of litigation + imminent adjudication |
| Exhibit 3 | C | Timeline + Documents Showing Prior MDL Delay | Demonstrates substantial prejudice from centralization |
| Exhibit 4 | D | Evidence of AT&T Restricting Breach-Report Access | Shows concealment and gamesmanship by Defendant |
| Exhibit 5 | E | AT&T's Email Requesting Extension After MSJ Filed | Proof delay tactics began only once merits review approached |
| Exhibit 6 | F | AT&T Settlement 2 Notice (July 2024 Breach Confirmation) | Confirms latest breach and Plaintiff as a directly affected victim |

**Christopher Michael Jones**

[~~address~~]

[~~城市, Ca 95095~~]

[5304~~-xxxx~~]

[chris.moves@yahoo.com]    Exhibit 1

**FILED**

**AUG 2 5 2025**

Clerk, U.S. District Court
District of Montana
Great Falls

[8/21/2025]

**VIA CERTIFIED MAIL – RETURN RECEIPT REQUESTED**

Settlement Administrator

[Kroll Settlement Administration]

[P.O Box 5324 New York, New York 10150-5324]

**Re: Request for Exclusion from Settlement Class (Opt-Out)**

**In re: [Christopher M Jones vs AT&T Inc]**

**Case No.: [2:25-cv-00001-BMM]**

**MDL  /Snowflake *In Re Snowflake, Inc. Data Breach Litigation*, MDL Docket No. 3:24-md-3126.]**

**Dear Settlement Administrator:**

I, [**Christopher Michael Jones**], hereby submit this written request for exclusion from the proposed class action settlement in the above-referenced matter. This correspondence is intended to serve as my **formal, timely, and unequivocal opt-out notice**, pursuant to the requirements set forth in the Court-approved Notice of Settlement.

Please be advised that by submitting this exclusion request, I affirm that:

1.  I do not wish to participate in, or be bound by, the terms of the proposed settlement, including any monetary relief, injunctive relief, or releases.

**1 |** P a g e

**[ FILED ]**

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

OCT 14 2025

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

Exhibit 2

| | |
|---|---|
| **[CHRISTOPHER M JONES]**, | Case No. [          ] |
| *Plaintiff,* | 2:25-CV-2952 DAD CKD (rs) |
| **VERSUS** | **PLAINTIFF'S NOTICE OF MOTION** |
| | **AND MOTION FOR SUMMARY** |
| **AT&T, INC.**, and DOES 1–10, inclusive, | **JUDGMENT** |
| *Defendant.* | |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on [          ] at [Time          ], or as soon thereafter as the matter may be heard, in Courtroom [**Number**     ] of the United States Court Eastern District of California , Plaintiff [**Christopher M Jones**], proceeding **pro se**, will and hereby does move this Court pursuant to **Federal Rule of Civil Procedure 56(a)** for an Order granting Summary Judgment in Plaintiff's favor.

This Motion is brought on the following grounds:

1 | P A G E

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### BUTTE DIVISION

Exhibit 3

IN RE: SNOWFLAKE, INC. DATA
SECURITY BREACH LITIGATION

MDL No. 2:24-md-03126-BMM

## JOINT MOTION TO STAY PROCEEDINGS

Plaintiffs and Defendants AT&T Inc., AT&T Mobility LLC, and Cricket

Wireless, LLC (collectively, "AT&T"), with Plaintiffs (the "Parties"), jointly move

to stay proceedings between them to allow the Parties to pursue mediation of their

disputes.

"A district court has broad discretion to stay proceedings as incident to its

power to control its own docket in an effort to promote judicial economy."

*DeMartini v. Johns*, 693 Fed. Appx. 534, 538 (9th Cir. 2017) (quoting *Clinton v.*

*Jones*, 520 U.S. 681, 706–07 (1997)). Indeed, "the power to stay proceedings is

incidental to the power inherent in every court to control the disposition of the

causes on its docket with economy of time and effort for itself, for counsel, and for

litigants." *Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 842 (9th Cir. 2023)

(quoting *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)). Courts weigh three

factors when deciding whether to grant a stay: "(1) the possible damage which may

result from the granting of a stay; (2) the hardship or inequity which a party may

suffer in being required to go forward; and (3) the orderly course of justice

measured in terms of the simplifying or complicating of issues, proof, and questions of law." *In re PG&E Corp. Secs. Litig.*, 100 F.4th 1076, 1085 (9th Cir. 2024).

Where, as here, "the parties agree that a stay is appropriate, the possible damage that may result from a stay and the hardship or inequity to the parties are minimal." *A.M.Q.A. v. Lugo*, 2024 WL 871030, at *1 (E.D. Cal. Feb. 29, 2024). Instead, a brief stay will support the just, speedy and inexpensive resolution of this matter. *See* Fed. R. Civ. P. 1; *see also Al-Kaissey v. Mayorkas*, 2023 WL 2899520, at *2 (S.D. Cal. Apr. 11, 2023) (granting a stay where "the parties all contend a stay is necessary to avoid superfluous and burdensome expenses and to prevent waste of judicial resources").

For the above stated reasons, the Court should grant the Parties' joint request for a brief stay of proceedings. If granted, the Parties will file a joint status report and indicate whether there is good cause to continue the stay by March 31, 2025.

DATED this 3rd day of February, 2025.

/s/ John Heenan
John Heenan
**Heenan & Cook**
1631 Zimmerman Trail
Billings, MT 59102
Tel. 406.839.9091
john@lawmontana.com

*Co-Lead Counsel for Plaintiffs*

2

/s/ Gilbert S. Keteltas
Gilbert S. Keteltas
**Baker & Hostetler LLP**
1050 Connecticut Ave., N.W.,
Suite 1100
Washington, D.C.  20036
Tel. 202.861.1600
gketeltas@bakerlaw.com

/s/ Mark S. Williams
Mark S. Williams
**Williams Law Firm, PC**
235 E Pine St.
Missoula MT 59807
Tel. 406.721.4350
mark@wmslaw.com

*Counsel for Defendants AT&T Inc.,
AT&T Mobility, LLC, and Cricket
Wireless, LLC*

3

Mr. Jones --

Exhibit 4

Thank you for your prompt reply. We have directed your question regarding the data incident report to our client. As for the extension, we will file a stipulation requesting the extension in accordance with the Court's local rules. Attached is a draft stipulation for your review. If you have no issues with our filing the attached stipulation, please either: (1) physically sign and return it to us so we can get this on file before the answer deadline (Monday); or (2) provide us with your consent to sign the document on your behalf electronically (example below).

| Dated:  December 6, 2024 | | |
|---|---|---|
| | By: | /s/ Christoper M. Jones (electronic signature authorized on date) |
| | | Pro Se Plaintiff CHRISTOPHER M. JONES |

From: chris jones <████████@yahoo.com>
Sent: Wednesday, December 4, 2024 6:23 PM
To: Lockyer, Brittany N. <blockyer@bakerlaw.com>
Subject: Re: Jones v. AT&T Inc., Case No. CV2024-2845 (ED Cal) - Stay or Extension

[External Email: Use caution when clicking on links or opening attachments.]

Subject: Response to Extension Request - Case No. [2024-2845]

Dear [Brittany Lockyer]

Thank you for reaching out regarding the extension. I am willing to agree to the requested 30-day extension to January 8, 2025, for AT&T to respond to my complaint. However, I must note that I have encountered issues accessing the updated data incident report that was made available on November 8, 2024. Your email stated that I would have access to the report until December 12, 2024, but I have been restricted from accessing it. This has complicated my ability to proceed effectively, as it is crucial for me to be able to review the updated data.

I would appreciate it if you could restore my access to the data report as promised, so I can proceed with a full understanding of the information. Additionally, I would like to confirm whether AT&T will be filing a formal stipulation with the court to ensure that all parties are aware of the extended deadline for responding to my complaint.

I look forward to your response and appreciate your attention to this matter.

Best regards, [Christopher M Jones]

AT&T Services
From: att-services.cn.1746812151@genericdl.att-mail.com
To: s████████oo.com
Fri, Nov 8 at 1:47 PM

Hello,

We are reaching out to provide you with an update on the data incident we notified you about in July. The call detail report, which you previously requested from AT&T, has been updated. The new version includes additional detail from the October 2022 time period. All other detail is consistent with the prior version.

To ensure the security of your data, do not download this report on shared or public computers. We recommend downloading to your personal device(s) only.

Click here to view the updated report, which is accessible via the enclosed link until December 12th, 2024.

Please note the following important information:

## Jones v AT&T, Case No. 225CV02952 - Request for Extension

From:   Lockyer, Brittany N. (blockyer@bakerlaw.com)

To:     ▓▓▓▓▓@yahoo.com

Cc:     kcutts@bakerlaw.com; kmorris@bakerlaw.com

Date:   Thursday, October 23, 2025 at 02:32 PM PDT

$$E\,xhibit\ 5$$

Hi Mr. Jones:

We represent AT&T and are in receipt of your Complaint and Motion filed in the Eastern District of California. We are writing to see if you are willing to agree to a brief 28-day extension of the current deadline for AT&T to respond to these filings. If you have no objection to a 28-day extension, we will file a stipulation with the Court.

Please let us know at your earliest convenience.

Thanks,
B

**Brittany Lockyer**
She | Her | Hers
Associate

BakerHostetler
Key Tower
127 Public Square | Suite 2000
Cleveland, OH 44114-1214
T +1.216.861.6033

blockyer@bakerlaw.com
bakerlaw.com



This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged,
confidential, or protected by law. If you are not the intended recipient
you are hereby notified that any dissemination, copying
or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content
of this email is limited to the matters specifically addressed herein
and may not contain a full description of all relevant facts or a
complete analysis of all relevant issues or authorities.



# Email Notice of Proposed Class Action Settlement

From:  Kroll Settlement Administration LLC (attsettlement@e.emailksa.com)

To:    ~~sgisumz~~@yahoo.com

Date:  Wednesday, August 13, 2025 at 05:25 PM PDT



*In Re: AT&T Inc. Customer Data Security Breach Litigation*
MDL Docket No. 3:24-md-03114-E

**To all Account Owners or Line or End Users whose AT&T 2 Data Elements were involved in the AT&T 2 Data Incident that was announced on July 12, 2024, you may be eligible to receive a Settlement Class Member Benefit from a class action Settlement.**

**Name: CHRISTOPHER JONES**
**Class Member ID: 83231QM6CKH9S**
**You have been identified as a member of the: AT&T 2 Settlement Class**

**Why am I receiving this Email Notice?** On July 12, 2024, AT&T announced that certain call records of AT&T Account Owners and Line or End Users had been unlawfully downloaded from a third-party cloud platform known as Snowflake ("AT&T 2 Data Incident"). Following AT&T's announcement of the AT&T 2 Data Incident, lawsuits were filed against AT&T in state and federal courts across the country. Those lawsuits were consolidated before Judge Ada E. Brown in the Northern District of Texas in June 2024 (captioned *In re AT&T Inc. Customer Data Sec. Breach Litigation*). Without any admission of liability or wrongdoing, the Parties to the Action have agreed to enter a Settlement.

**Who is a Settlement Class Member?**
You are an AT&T 2 Settlement Class Member and may be eligible to receive Settlement Class Member Benefits under this Settlement. There is also an AT&T 1 Settlement Class and that refers to individuals who may have been impacted in a separate data incident involving AT&T that occurred earlier. That incident is referred to as the AT&T 1 Data Incident and that action is being settled at the same time as this one.

AT&T 2 Settlement Class Members include all AT&T Account Owners or Line or End Users whose Data Elements (telephone numbers of current and former AT&T customers, including, but not limited to, Account Owners or Line Users, as well as the telephone numbers with which those customers interacted, counts of those interactions, aggregate call durations for a day or month, and for a small subset of individuals, cell site identification numbers associated with the interactions), were involved in the AT&T 2 Data Incident that was announced on July 12, 2024.

**What does the Settlement provide?** AT&T has agreed to pay $28,000,000.00 for the benefit of AT&T 2 Settlement Class Members to settle the claims arising from the AT&T 2 Data Incident ("AT&T 2 Settlement Fund").

All TYT 2 Settlement Class Members will be eligible to receive a Documented Loss Cash Payment of up to $2,500 for all documented losses fairly traceable to the AT&T 2 Data Incident. Alternatively, Account Owners may claim a Tiered Cash Payment, which is a *pro rata* share of cash from the AT&T 2 Net Settlement Fund. Please visit **here** for a full description of the Settlement Class Member Benefits and documentation requirements.

**How do I submit a Claim Form for a Settlement Class Member Benefit?** You must submit a Claim Form, available **here** to be eligible to receive a benefit. Your completed Claim Form must be submitted online or mailed to